**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| **Plaintiff,** | : **CASE NUMBER  06CR746** |
| | : |
| **vs.** | : |
| | : |
| **ANTHONY TULINO,** | : |
| | : |
| **Defendant.** | : |
| | : |

---

## SENTENCING MEMORANDUM

The undersigned counsel, Thomas D. Sommerville, respectfully submits the following information, pursuant to 18 U.S.C. §3661, 18 U.S.C. §3553, Rule 32 of the Federal Rules of Criminal Procedure, and the Federal Sentencing Guidelines.

## I.

## COURSE OF PROCEEDINGS

Pursuant to Federal Rules of Criminal Procedure Rule 11(c), the Defendant, **ANTHONY TULINO**, entered into a plea agreement with the government agreeing to plead to the sole count of the  information brought against him. Count one charged the Defendant  with theft of an antiquity in violation of 16

U.S.C. §433. This offense is a Class B misdemeanor and is, therefore, not subject to the Sentencing Guidelines (USSG 1B1.9).

The plea agreement called for an express waiver of the right to appeal the sentence or to challenge the sentence collaterally on any ground, except that the sentence exceeds the statutory maximum. Additionally, the Defendant waived all defenses based upon the statute of limitations and venue. The Government agreed that no further charges would be brought against the Defendant relative to the theft of the stolen antiquity.

Sentencing is scheduled for March 2, 2007.

## II.

## FACTUAL BASIS

In the late 1980s, the Defendant was living and working in New York State. The Defendant was employed as a delivery driver in Long Island, New York. The Defendant's territory included the area surrounding the Sagamore Hill National Historic Site in Oyster Bay, New York. One afternoon the Defendant entered the Historic Site, opened a display case, and took an antique firearm. The firearm, an 1895 Colt Revolver, had an inscription that indicated that it had been recovered from the sunken battleship Maine and that, "on July 1, 1898, San Juan (the revolver was) carried and used by Colonel Theodore Roosevelt." The Defendant kept the firearm hidden in his home until it was recovered in 2006.

# III.

## GENERAL BACKGROUND INFORMATION

### A. Family

ANTHONY TULINO**,** the Defendant herein, presently resides at 2609 Lake Forest Drive in Deland, Florida. He was born in Brooklyn, New York on May 27, 1951. He has a sister, Rose, who resides in Hicksville, New York. Mr. Tulino has been married to Suzanna Tulino since November 7, 1985. Mr. and Mrs. Tulino have one son together, Adam Tulino, age 18, living in Deland, Florida. Additionally, Mr. Tulino has two (2) adult step children he helped raise from a very young age, Dennis Smith, age 29, and Joseph Smith, age 26. Both stepsons live and work on Shelter Island, New York.

The Defendant completed high school in New York and has attained an Associates degree in electronics.

### B. Employment

The Defendant's employment history indicates that the Defendant turned his life around in the early 1990's, and has remained successfully employed since that time.

The Defendant was employed with the United States Postal Service from 1994 until November 2006. The Defendant has held several different positions with the Postal Service including letter carrier, and, more recently, a

postal machine mechanic. During his time with the Postal Service, the Defendant transferred from the Northeast, to Albuquerque, New Mexico, to Central Florida, where he presently resides.

## C. Character References

Attached as <u>Exhibit A</u> are several letters of character reference on behalf of the Defendant. The writers have known the Defendant for the past several years, through his employment and involvement with his church.

These letters show a personal knowledge of the Defendant and support for him to be allowed to continue to work in the community and take care of his family.

The letters are from the following individuals:

1. Richard M. Formel, dated January 6, 2007

2. Edward W. Puhr, undated

3. E.W. Zwicker, DDS, dated January 5, 2007

4. Donald E. Proctor, undated

5. Dave Barkan, undated

6. Charles J. Serafin, dated February 13, 2007

7. Steven V. Harvey, dated January 30, 2007

8. James D. Parker, undated

**D. Pre-event life vs. post-event productive life and citizenship**

There is a theme in the Defendant's case. This theme is the two (2) faces of **ANTHONY TULINO**. One is the pre-1990 face, when he was involved in substance abuse and criminal conduct, and the other is that of **ANTHONY TULINO** who, after 1990, straightened out his life. His stable employment history, his family, and his friends for the last sixteen (16) years have seen the better side of **ANTHONY TULINO**.

Since the event that brings Mr. Tulino before the Court, Mr. Tulino maintained employment with the United States Postal Service for sixteen (16) years. His employment with the Postal Service likely would have continued until retirement. Unfortunately, his employment was suspended when the instant offense was discovered. While disappointed with his loss of employment, Mr. Tulino respects the Postal Services' decision and recognizes there are consequences for his actions.

Mr. Tulino began seeking employment shortly after his suspension from the Postal Service. Mr. Tulino first accepted a position as a night manager at a local motel. While the pay was far below what he earned at the Postal Service, he recognized the importance of working. Mr. Tulino ultimately resigned from the motel position in order to take a more lucrative position in a warehouse. This work

is physically difficult, but Mr. Tulino has risen to the challenge.  Mr. Tulino is now a valued member of the warehouse team.

Mr. Tulino would not have been able to maintain his health and employment without his commitment to beating his substance abuse problem.  By all accounts he has remained drug free for the past decade and a half.

## IV.

Mr. Tulino requests that the Court recognizes the change that he has made in his life since this event, and sentence him to a period of probation, and a requirement that he provide volunteer work in a community service organization. The advantage of such a program is that it provides for the following:

1. The Defendant will be required to do work without pay for a good cause which should, in effect, have some therapeutic outcome that would make him atone for his misdeed in a concrete and constructive way.

2. The involved public and/or charitable agencies would receive valuable services of which they are very much in need from the Defendant.

3. The imposition of the requirement of work without pay would make the Defendant more acceptable to the public in that the public would be more likely to feel that justice had been done.

4. Since the Defendant would be regularly at work for a designated agency which would, in turn, be in touch with

his probation officer, the officer would have an additional handle on the Defendant.[1]

Creative sentencing, in the form of an alternative program of volunteer work, is also supported by the fact that it would provide:

1.  An active role on the part of the Defendant in becoming conscientious of his behavior in relationship to others.

2.  Socially constructive consequences from this volunteer service.

3.  Consequences are related to the offense in that they are a constant reminder that the service is without compensation.

4.  The relationship between the offense and the restitution is reparative and restorative.

Probation is a form of treatment that is designed to assist in the rehabilitation of an offender and is supported by the American Bar Association in its standards on probation first adopted in 1970. The standards are based on the belief that:

> *"Probation is an affirmative correctional tool, a tool which is used not because it is of maximum benefit to the defendant (though, of course, this is an important side product), but because it is of maximum benefit to the society which is thought to be served by the sentencing of criminals."*

---

[1]     Bailey Brown, Chief Judge, United States District Court, Memphis, Tennessee, *"Community Service As a Condition of Probation,"* **Federal Probation**, December, 1977.

This sentencing option is better for the community than incapacitation through incarceration, particularly in light of his employment history and the fact that this offense was committed at a different time in his life.

Respectfully submitted,

**/s/THOMAS D. SOMMERVILLE**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 27th day of February, 2007, a copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Lara Gatz, Assistant United States Attorney

/s/ Thomas D. Sommerville
_____
**THOMAS D. SOMMERVILLE, of**
**LAW OFFICES OF**
**MULLER & SOMMERVILLE, P.A.**
1150 Louisiana Avenue, Suite 2
Post Office Box 2128
Winter Park, Florida 32790-2128
Telephone: (407)647-8200
Facsimile: (407)645-3000
Florida Bar Number 0141682
E-mail: tsommerville@cmullerlaw.com

Attorneys for the Defendant